UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARIO NICKSON                                                                PETITIONER

V.                      No.  4:23-cv-00481-JM-ERE

EVERETTE WILKERSON                                                      RESPONDENT

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**I.    Introduction**

Petitioner Mario Nickson is a federal, pretrial detainee facing criminal charges in this District. On May 24, 2023, Mr. Nickson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking: (1) release from pretrial detention; and (2)  dismissal of the criminal charges pending against him. *Doc. 1*. For reasons

1

that follow, the Court should dismiss the petition, without prejudice to Mr. Nickson seeking relief in his criminal case.[1]

## II.   Background

On November 1, 2022, a federal grand jury for this District handed down an indictment charging Mr. Nickson with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and use of a communications facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843. *United States v. Nickson*, 4:22-cr-00300-JM-25 (E.D. Ark.), *Doc. 3* (Counts 1, 53).

On November 22, 2022, after a detention hearing, United States Magistrate Judge Joe J. Volpe ordered Mr. Nickson detained pending trial. *Id*. at Doc. 207. Mr. Nickson, through appointed counsel, appealed the detention order pursuant to 18 U.S.C. § 3145(b), and upon *de novo* review, United States District Judge James M. Moody, Jr. affirmed the detention order. *Id*. at Doc. 398. Mr. Nickson subsequently filed a motion seeking reconsideration of his pretrial detention, and on March 28, 2023, Judge Moody denied the motion for reconsideration. *Id. 464, 469.*

---

[1] District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243.

2

On May 24, 2023, Mr. Nickson filed the *pro se* § 2241 petition now before the Court. *Doc. 1*. He asserts that Government has no evidence to support either the federal charges against him or his pretrial detention. *Id. at 6*. In addition, he claims that the prosecution made "misleading statements" at his detention hearing and suppressed evidence that proves his innocence. *Id*. In his request for relief, he states: "Release me, and drop this indictment." *Id. at 7*.

### III.  DISCUSSION

The writ of habeas corpus under § 2241 extends to prisoners in custody in violation of the Constitution and other federal law. 18 U.S.C. § 2241(c)(3). However, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases[,] the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918).

Mr. Nickson's grounds for challenging the criminal charges against him should be presented and decided pursuant to rules governing the proceedings in his criminal case. In addition, Mr. Nickson failed to timely appeal Judge Moody's final decision regarding his pretrial detention, and he cannot use § 2241 to challenge that decision now. *Byrd v. Pescor*, 163 F.2d 775, 779–80 (8th Cir. 1947) (citations omitted) ("It is our understanding that a defendant in a criminal case in the federal courts must follow the regular course of proceedings and exhaust all of the ordinary remedies afforded him before he may resort to habeas corpus."); *Williams v.*

*Hackman*, 2010 WL 424143, at *1 (7th Cir. 2010) (citations omitted) ("In any event, a federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case.").

## IV.   CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Mario Nickson's § 2241 petition be DISMISSED WITHOUT PREJUDICE.

Dated 31 May 2023.

_____
UNITED STATES MAGISTRATE JUDGE